IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHERMAN WATSON                                                                                    PLAINTIFF

      v.                                    Civil No. 10-6093

SUE JONES, Circuit Clerk,
Hot Springs County; and
MAYME BROWN, Deputy
Circuit Clerk, Hot Springs County                                                          DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

      Plaintiff, Sherman Watson, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to me for the purpose of making a report and recommendation.

      Before me is Plaintiff's motion for leave to proceed *in forma pauperis*. For the reasons stated below, it is my recommendation that Plaintiff's *in forma pauperis* application be denied and his Complaint be dismissed.

1. **Background**

      Plaintiff, Sherman Watson, is an inmate of the Arkansas Department of Correction. According to the allegations of the complaint, on December 9, 2009, Plaintiff submitted a petition pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure for filing. The petition was returned to him unfiled with a copy of a letter setting forth the requirements for filing documents. *See Exhibit* 6. One requirement was to include a verification of commitment with any *in forma pauperis* application.

On January 11, 2010, Watson indicates he resubmitted the Rule 37 petition for filing. He included his judgment and commitment order to verify his commitment. The petition was again returned to him. Watson indicates he then obtained legal assistance and was able to find a verification of commitment form was required in divorce cases.

On January 21, 2010, Watson resubmitted the Rule 37 petition with the verification of commitment form. The pleadings were not filed and he was told he had to submit the filing fee of $287.40 before the documents would be filed. If the fee was not received in sixty days, Watson was advised the documents would be thrown away.

Watson then filed an action with the Arkansas Supreme Court asking them to compel the Circuit Clerk to file his Rule 37 petition. On March 11, 2010, the Arkansas Supreme Court compelled the filing of the Rule 37 petition. According to Watson, ninety-two days expired between the time he first submitted the petition and when it was filed. During this period, Plaintiff states the time for filing a Rule 37 petition had expired and he was required to obtain a court order allowing him to submit the petition belatedly.

As relief, Watson asks for compensatory and punitive damages in the total amount of $ 78,826.00.

**2. Discussion**

As noted above, Watson is an inmate of the Arkansas Department of Correction. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the

Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.). *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his affidavit, Plaintiff states he receives has no assets and receives no funds. The records from the Arkansas Department of Correction show his average monthly deposit is $153.17. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, Watson's claims are subject to dismissal. Defendants are immune from suit. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. County of Washington*, 971 F.2d 100, 101 (8th Cir. 1992)(internal quotations marks and citation omitted). *See also Maness v. District of Logan County-Northern Div.,* 495 F.3d 943 (8th Cir. 2007)(clerks absolutely immune for acts that may be seen as discretionary or for acts taken at the direction of a judge or according to court rule); *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001)(court clerks absolutely immune from actions for damages for charging excessive bail–action required under court order or at a judge's discretion); *Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint

and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); *see also Davis v. McAteer,* 431 F.2d 81, 82 (8th Cir. 1970) (holding state court clerk who allegedly lost court file entitled to absolute immunity).

In this case, Watson maintains his rights were violated when Defendants failed to file his Rule 37 petition. The filing of documents is an integral part of the judicial process and the clerks are entitled to quasi-judicial immunity for their actions.

### 3.  Conclusion

I therefore recommend the case be dismissed on the grounds the claims are against individuals immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). I therefore recommend that the clerk be directed to place a § 1915(g) strike flag on the case.

**Watson has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Watson is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of May 2011.

/s/ Barry A. Bryant  
 HON. BARRY A. BRYANT  
 UNITED STATES MAGISTRATE JUDGE